Roland **RICHARDS**, Plaintiff—Appellant,

v.

**CITY OF LOS ANGELES**, a municipal corporation; et al., Defendants—Appellees.

No. 06–55593.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.[*]

Filed Dec. 21, 2007.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

64

_____

Law Office of Leo James Terrell, Beverly Hills, CA, for Plaintiff–Appellant.

Amy Jo Field, Esq., Rockard J. Delgadillo, Esq., Los Angeles City Attorney's Office City Hall East, Christian R. Bojorquez, Los Angeles, CA, for Defendant–Appellee.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we affirm the district court's ruling granting Defendant–Appellees' motion for

MEMORANDUM **

Plaintiff–Appellant Roland Richards, an African–American and former owner of the Atlas Bar & Grill ("the Atlas"), appeals the district court's order denying his motion for summary judgment and granting Defendant–Appellees City of Los Angeles and Los Angeles Police Department Sargent Kevin Burke's motion for summary judgment.[1] Richards brought suit under 42 U.S.C. § 1983, alleging that the Defendants violated his Fourth and Fourteenth Amendment rights by conducting numerous unwarranted inspections, or "raids" on his establishment, citing him for numerous violations, never pressing charges, and in general singling out his establishment on the basis of racial animus, all of which ultimately drove him out of business. We have jurisdiction pursuant to 28 U.S.C. § 1291. Although Richards initially appealed the entirety of the summary judgment order, he did not brief the district court's determination that the City of Los Angeles is not liable under *Monell*, and we deem that claim abandoned. As a result, the only defendant remaining on appeal is Kevin Burke in his individual capacity.

We review de novo the district court's grant of summary judgment, *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1085 (9th Cir.2000), and we affirm.

I. Fourth Amendment

In challenging the district court's summary judgment ruling, Richards raises two separate Fourth Amendment arguments.

First, Richards argues that the district court erred by not finding a triable issue

summary judgment, Richards' challenge to the district court's denial of his motion for summary judgment is moot and we do not directly address it.

on his claim of racial harassment under the Fourth Amendment and, in the alternative, that he was entitled to summary judgment on that question. We disagree.

Consistent with *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), we have consistently refused to analyze impermissible racial motivations as violations of the Fourth Amendment. An illegitimate subjective motivation of a police officer will not invalidate an "objectively justifiable" seizure. *Whren,* 517 U.S. at 812, 116 S.Ct. 1769; *see also United States v. Cervantes,* 219 F.3d 882, 890 (9th Cir. 2000), *abrogated on other grounds by Brigham City v. Stuart,* 547 U.S. 398, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006). As the district court recognized, where the claim is that a facially neutral law is being applied differently on the basis of race, the appropriate analysis is under the Equal Protection Clause. Richards' claim for racial harassment is therefore properly addressed with his equal protection claim, where he also alleges that the raids of his establishment and his arrests were motivated by racial animus.

■ Second, Richards appeals the district court's determination that he has not raised a triable factual issue with respect to his claim of a conspiracy to violate his Fourth Amendment rights. To prove a civil conspiracy, a plaintiff must show that the conspiring parties "reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Vieux v. E. Bay Reg'l Park Dist.,* 906 F.2d 1330, 1343 (9th Cir.1990) (citation and internal quotation marks omitted). Where the conduct that Richards alleges Kevin Burke conspired to commit could not amount to a Fourth Amendment violation, however, there can be no "unlawful arrangement" nor a conspiracy to violate Richards' Fourth Amendment rights. Putting to one side

that Richards has made no effort to demonstrate a triable issue as to any component of the civil conspiracy claim, Richards' Fourth Amendment rights were not violated by either the manner or frequency of the searches at the Atlas or the seizures of Richards' person. As a result, there is no basis for his claim that Burke was part of a conspiracy to commit such a violation.

II. Fourteenth Amendment Equal Protection

Richards alleges that Kevin Burke illegally singled out his establishment for inspections and raids due to racial animus. To state a § 1983 claim for selective enforcement in violation of the Equal Protection Clause Richards must show that Burke's conduct had both a discriminatory effect and a discriminatory motivation. *Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). To survive summary judgment Richards must present sufficient evidence to raise genuine triable issues of fact both as to whether others are generally not prosecuted for the same conduct (discriminatory effect), and whether the decision to single out Richards' establishment was racially motivated (discriminatory intent). *See Freeman v. City of Santa Ana,* 68 F.3d 1180, 1187 (9th Cir.1995). Assuming that the district court properly found that Richards raised a triable issue as to whether race was the reason he (or his patrons) was treated differently, Richards must still raise a triable issue with respect to discriminatory effect. This Richards has failed to do.

The first step in the analysis is to identify a similarly situated class. "The goal of identifying a similarly situated class ... is to isolate the factor allegedly subject to impermissible discrimination. The similarly situated group is the control group." *United States v. Aguilar,* 883 F.2d 662, 706

(9th Cir.1989), *superseded by statute on other grounds.*

■ The only comparator evidence that Richards introduced into the record was the fact that the former owner, John Tamayo, was Caucasian and that Tamayo stated that he was never investigated, cited or arrested for any of the violations for which Richards was cited, including violating the Atlas's conditional use permit, failing to have a dance permit, failing to post a liquor license, for exceeding the maximum occupancy limits, or for having adulterated beverages. Assuming that such evidence could be valid comparator evidence under some circumstances, that evidence here does not raise a triable factual issue because Richards cannot show that Burke applied a different standard of enforcement to the Atlas under Tamayo's ownership. As the district court noted, "Burke ... was not employed by the Vice Unit until after [Richards] became the owner of [the] Atlas ... [therefore] any different treatment accorded the Tamayos [for purposes of establishing Burke's liability] is totally irrelevant."

If " '[t]he first step in equal protection analysis is to identify the [defendants' asserted] classification of groups,' " *Freeman*, 68 F.3d at 1187 (citation omitted), Richards' failure to do so is fatal to his claim. For purposes of finding that Burke, in his individual capacity, violated Richards' right to equal protection of the laws, Richards has failed to raise a triable issue as to any similarly situated class against which Richards' treatment by Burke could be compared.

**AFFIRMED.**